Filed 10/5/23  In re M.S. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | C097530 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. STK-JD-DP-2021-0000164) |
| Plaintiff and Respondent, | |
| v. | |
| D.S., | |
| Defendant and Appellant. | |

D.S., mother of minor M.S., appeals from the juvenile court's orders on a Welfare and Institutions Code section 387 supplemental petition.[1]  She contends the juvenile court

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.

1

erred in sustaining the section 387 petition because the allegations formed new legal theories or factual bases for removal and, in any event, substantial evidence did not support the allegations. She also contends the orders must be reversed because the juvenile court did not make findings under sections 342 and 356 as is required, she argues, to base removal on new jurisdictional bases. In addition to reversal of the jurisdictional orders on the section 387 petition, she seeks reversal of the subsequent dispositional findings and orders, including the removal of the minor from her home.

Approximately four months after the juvenile court's entry of the section 387 dispositional orders, the juvenile court ordered the minor returned to mother's home and dismissed the dependency with orders granting mother full custody of the minor. Mother did not appeal from these orders and expressly states she does not request this court reverse or vacate those orders.

Following the principles described in *In re D.P.* (2023) 14 Cal.5th 266 (*D.P.*), we conclude the subsequent orders returning the minor to mother and dismissing the dependency have rendered mother's appeal moot, and we decline to exercise our discretion to decide the appeal. Accordingly, the appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2021, San Joaquin County Human Services Agency (the Agency) filed section 300 petitions on behalf of minor M.S. and her sibling, I.S. (who is not a subject of this appeal), based on failure to protect as to both children, serious emotional damage as to I.S., and abuse of sibling as to minor M.S. (§ 300, subds. (b), (c) & (j).) The petitions were based primarily on the father's verbal and emotional abuse of I.S., the maternal aunt's verbal and physical abuse of I.S., mother's failure and/or inability to protect I.S. from abuse, and the parents' failure to provide a safe living environment.

The juvenile court sustained the petition and declared minor M.S. a dependent child of the court. Although her sibling was removed, the juvenile court authorized minor M.S. to remain in the home with family maintenance services.

2

Just prior to the six-month review hearing, the Agency filed a section 387 supplemental petition seeking removal of the minor from mother's home based on mother's lack of care and supervision of the minor and the parents' failure to comply with their case plans. Father submitted on the petition, but mother requested a contested hearing. On August 9, 2022, after a contested hearing, the juvenile court sustained the allegations in the section 387 petition. The disposition hearing took place on November 22, 2022. The juvenile court ordered the minor removed from mother's physical custody and ordered reunification services be provided.

Mother appealed. On April 4, 2023, the juvenile court ordered the minor returned to mother's home and, on April 25, 2023, dismissed the dependency proceeding with full custody of the minor to mother.

DISCUSSION

Mother challenges and seeks reversal of the section 387 jurisdictional and dispositional orders, including the order removing the minor from her custody. The Agency contends the issues raised are moot because the juvenile court has since returned the minor to mother and dismissed the dependency with custody to mother. Mother disagrees that the matter is moot.

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*D.P., supra*, 14 Cal.5th at p. 276, quoting *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) "A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the

3

plaintiff seeks." (*D.P.*, at p. 276.) In a dependency case, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' " (*Id.* at p. 277.)

Mother first contends her challenge to the jurisdictional orders is not moot because the jurisdictional orders formed the basis of the dispositional orders. While that statement is correct, neither the jurisdictional orders, nor the dispositional orders, are the basis of any current order that is adverse to mother. (See *In re N.S.* (2016) 245 Cal.App.4th 53, 61; cf. *D.P., supra*, 14 Cal.5th at pp. 277-278 [example of non-moot challenge to jurisdictional findings includes instances wherein findings resulted in dispositional orders *that continue to adversely affect the* parent].) The current order affecting mother is the favorable dismissal order granting her full custody of the minor, not the dispositional orders removing the minor from her custody. Thus, our reversal of the jurisdictional and/or dispositional orders would not provide mother with any additional relief.

Mother disagrees and notes that the dispositional orders on the section 387 petition included an order that the parents "shall reimburse the Court for cost of counsel; the amount to be determined by the Court. Party(ies) are ordered to complete and file the Financial Declaration within two weeks. Minor's Mother and Father shall reimburse San Joaquin County for the cost of counsel, detention, placement and interpreter in an amount and at a rate to be determined by the Family Support Division based upon financial ability to pay and the monthly payment schedule adopted by the court. Payment shall not exceed 60 installments." Thus, she argues, she "appears to be subject to a claim for reimbursement for the costs of the dispositional removal of the minor from her care under the section 387 petition, as well as a claim for liability for attorneys' fees pursuant to sections 903.1, 903.2 and 903.4." She remarks that the Agency has not waived any rights with respect to these claims for costs. But neither has mother shown the Agency pursued them and we find the prospect of fees resulting solely from the section 387 dispositional order in this case to be too speculative to overcome mootness.

4

First, we note that the juvenile court entered an identical order for parental reimbursement of costs and fees at the disposition hearing on the section 300 petition, which mother does not challenge. Thus, the only possible expense at issue would be those resulting from the November 22, 2022, removal (as the rest of the costs and fees would be covered by the earlier order). Whether mother will be subject to those additional expenses is wholly speculative.

In section 903.4, subdivision (a)(1), it is expressly noted that "[t]he Legislature finds that even though Section 903 establishes parental liability for the cost of the care, support, and maintenance of a child in a county institution or other place in which the child is placed, detained, or committed pursuant to an order of the juvenile court, the collection of child support for juveniles who have been placed in out-of-home care as dependents of the juvenile court under Section 300 has not been pursued routinely and effectively." To that end, section 903.4 provides that, "[i]n any case in which a child is or has been declared a dependent child of the court pursuant to Section 300, the juvenile court shall order any agency that has expended moneys or incurred costs on behalf of the child pursuant to a detention or placement order of the juvenile court, to submit to the local child support agency, within 30 days, in the form of a declaration, a statement of its costs and expenses for the benefit, support, and maintenance of the child." (§ 903.4, subd. (b).) "The local child support agency may petition the superior court to issue an order to show cause why an order should not be entered for continuing support and reimbursement of the costs of the support of any minor described in Section 903." (§ 903.4, subd. (c)(1)(A).) Thereafter, and prior to the hearing, the parent completes and files an income/expense declaration and, if the parent appears at the hearing on the order to show cause, the court may enter an order for the amount the court determines the parent is financially able to pay. (§ 903.4, subd. (e)(2).)

Here, there is nothing in the record to suggest any petition for reimbursement was filed after either dispositional order, that expenses for the November 22, 2022, to April 4,

5

2023, removal were included in such a petition, that mother has the ability to pay such expenses, or that the court ordered she do so. There is no binding ruling regarding the mother's reimbursement obligations at all and it is purely speculative that such an order will be entered or that, if it were, it would specifically include those removal expenses. Thus, the inclusion of the order for parental reimbursement in the section 387 dispositional orders is insufficient to overcome mootness in this case. (See *In re D.B.* (2018) 24 Cal.App.5th 252, 256-260, 265.)

Mother's concern that the pending dependency case regarding sibling I.S. or a potential new dependency case or family law case regarding M.S. may be impacted by the findings is also speculative and insufficient to avoid mootness. (*D.P., supra*, 14 Cal.5th at p. 278.) Mother's concerns about the impact the findings had on the exit orders is unpersuasive since she was given full custody of the minor and has expressly stated she does not want the exit orders reversed.

Finally, mother briefly observes in her reply brief that she must exhaust her appellate remedy in order to pursue a civil claim against the county. In this regard, she "asserts that jurisdiction and removal should not have occurred in the first place based on discrimination due to her physical disability." But mother did not make this argument in her opening brief as a basis to challenge the findings on the section 387 petition. In her reply brief, mother fails to develop any legal argument as to how our resolution finding the appeal moot, would in fact affect a civil claim, or have any other " 'practical, tangible impact' " (*D.P., supra*, 14 Cal.5th at p. 277) on her conduct or legal status. Her argument does not overcome the appeal's mootness.

Mother requests that, even if her appeal is deemed moot, we exercise our " 'inherent discretion' " to reach the merits of an appeal. (*D.P., supra*, 14 Cal.5th at p. 282.) "As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when

there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.' " (*Ibid.*)

A court deciding whether to exercise discretionary review may consider first "whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or ' "could have other consequences for [the appellant], beyond jurisdiction." ' " (*D.P., supra*, 14 Cal.5th at p. 285.) Second, the exercise of discretionary review "may also be informed by whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285-286.) Third, a court may consider whether the case became moot due to prompt compliance by parents with their case plan. (*Id.* at p. 286.) "[N]o single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal." (*Ibid.*) In deciding whether to exercise this discretion, the court should be guided by the overarching goals of the dependency system: to provide maximum safety and protection for children with a focus on the preservation of the family and the safety, protection, and physical and emotional well-being of the child. (*Ibid.*)

Mother's appeal does not present circumstances that generally warrant discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the court's determination. (See *D.P., supra*, 14 Cal.5th at p. 282; *In re David B.* (2017) 12 Cal.App.5th 633, 644.) Nor are we persuaded to exercise our inherent discretion for the reasons asserted by mother.

We have already rejected mother's first argument that the jurisdictional and dispositional findings could be considered in some potential future dependency proceeding, noting this scenario to be speculative. Moreover, while mother asserts that the findings could be used in a future dependency case as a previous finding of failure to protect, the findings on the originating section 300 petition are not subject to dispute.

7

Additionally, unlike the scenario in *Francisco G. v. Superior Court* (2001) 91 Cal.App.4th 586, 600, relied upon by mother, the orders challenged here do not create grounds for bypassing parents for reunification services in the future.

We reject mother's arguments that jurisdictional findings may impact the minor's placement or mother's custody rights, since superseding orders have been entered awarding mother full custody. For this same reason, we reject her argument that the court's jurisdictional finding that mother's disability combined with the specific circumstances present at the time (i.e., mother restricted to first floor and minor staying alone primarily on second floor) affected her ability to supervise the minor may substantially affect a future family law case that might be brought by the father or a relative. Such consideration is too speculative to overcome mootness. Moreover, we disagree with mother that the allegations on which the juvenile court's jurisdictional findings were made are "particularly pernicious or stigmatizing" as those terms are used in the cases cited by mother, such that the mootness of this appeal would be overcome.

Mother asserts that her appeal should not be dismissed just because father did not appeal. While father's submission to the section 387 petition, which also made allegations against him, could also render mother's appeal moot, we are not relying on father's submission to find mother's appeal moot in this case. (*D.P., supra*, 14 Cal.5th at p. 283 ["where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot"].) Rather, we disagree that this case raises important questions of public importance which are capable of repetition, yet evading review, as the contentions raised by mother in this appeal are primarily fact specific and, moreover, are not of the type which would generally evade review, and we are unpersuaded that on the facts here the overarching goals of the dependency system require our review of this otherwise moot case.

## DISPOSITION

The appeal is dismissed.

                                             /s/
                              KEITHLEY, J.*


We concur:


      /s/
HULL, Acting P. J.


      /s/
MAURO, J.


_____

*      Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.